IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

COLUA SAMFORD,

    Plaintiff,

vs.                                    CASE NO. CV-00-J-3457-J

DOLGEN CORPORATION INC.,
d/b/a DOLLAR GENERAL STORE,

    Defendant.

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 16), to which the plaintiffs have responded. Both parties have filed evidence in support of their respective positions.

### I. Procedural History

Plaintiff commenced this action by filing a complaint in the Circuit Court for Marion County, Alabama, alleging that she fell over cans in defendant's business and suffered a fractured knee as well as other injuries. Complaint at ¶ 4. This case was later removed based on diversity jurisdiction (doc. 1).

### II. Uncontested Facts

The plaintiff was shopping for a heater. Plaintiff depo. at 36, 38. She had been in the defendant store many times before the occasion when she fell, as often as twice a week. *Id.* at 38. She was familiar with the store. *Id.* at 39. She walked in the store and tripped over canned peanuts sitting in the floor that she did not see. *Id.* at 40. The plaintiff stated "And I didn't look down. If I'd looked down, I'd probably seen it, but I didn't. I was hunting for



a heater and I didn't find one." *Id.* at 42, 45. There were at least two boxes of peanuts with nine to twelve cans in each case, with plastic over the boxes. *Id.* at 43. She thought the boxes as stacked were about two feet high. *Id.* at 44. The peanuts were about three to four feet inside the door. *Id.* Her knee hit the rim of the boxes and she "went flying." *Id.* at 46. The plaintiff was asked "And you mentioned just a few seconds ago that these boxes were open and obvious to anybody that was walking through" to which she responded "Well, I mean, if you'd been looking down at them, yes, but I wasn't . I was looking to see if I could see the heaters." *Id.* at 57. She agreed that the boxes were not hidden or inconspicuous and that they "were right out in the aisle." *Id.* at 54. On prior occasions that she was in the store there was merchandise in the way. *Id.* at 60.

Mika Holland, an employee of defendant, testified that she set up displays in between the registers because this is where there was room to do so. Holland depo. at 10-11. The registers are approximately six feet apart and she halved the distance and set displays in between them. *Id.* at 12. The store has three registers. *Id.* at 11-12. The display with the peanuts was being set up at the very front of the registers. *Id.* She had set the cases of peanuts on the floor to get them ready to be set up on a display table. *Id.* at 13. Holland stated she had three cases of peanuts directly in the center of the opening of the door and directly centered between two cash registers. *Id.* at 14-15. They were not concealed at all and could be seen through the glass entrance doors to the store. *Id.* at 29-30. She was also running a cash register and forgot the peanuts were on the floor. *Id.* at 17, 19. To enter the store, a customer could go to the right, left or down the center of the store in between the registers. *Id.* at 18.

2

Another employee, Charles Cook, actually saw the plaintiff fall.[1] Cook depo. at 10. Cook testified that the boxes of peanuts were table height and approximately three feet inside the door. Cook depo. at 12, 25-26. The cash registers were about five feet from the door. *Id.* at 14.

A customer, Joy Emerson, was in line to check out when the plaintiff fell. Emerson depo. at 11. She saw "a couple of boxes sitting right in front of the door between the two registers." *Id.* at 12. Another customer, Denise Stoddard, testified that she too was in the store when the plaintiff fell. Stoddard depo. at 8. She stated that:

> Normally, there's a big display in between the two checkout counters about waist high, a cardboard display or shopping cart full of stuff, you know, just bargain stuff. That day I walked in and noticed there was two cases of peanuts about shin high stacked in the middle of the floor .....
> And I saw Ms. Samford coming into the store, and she fell – I mean just walked into it, fell, tripped over it.

*Id.* at 8-9. She saw the boxes of peanuts when she came into the store. *Id* at 9-10. She believed the stack of boxes was twelve to fourteen inches off the floor and twelve to fourteen inches wide. *Id.* at 10. There was room for shopping carts on either side of the boxes in between the registers. *Id.* at 11.

Sheila McCaig, a district manager with defendant, stated defendant's policy is to put goods and materials in the aisle ways of stores. McCaig depo. at 16. They place displays where there is room. *Id.*

---

[1] Cook testified that oil lamps were, at one time, somewhere in the vicinity of where the plaintiff fell. Cook depo. at 10. He then referred to this item as lamp oil. *Id.* at 11. He then stated that both oil lamps and lamp oil were there and he picked up broken glass from an oil lamp after she fell. *Id.* at 20. Cook stated in his opinion, the plaintiff first fell over oil, then oil lamps, then the peanuts behind them. *Id.* at 21.

3

### III. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a

material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249.

### IV. Legal Analysis

The defendant argues that, under the facts of this case, it is entitled to a judgment as a matter of law. The plaintiff argues that the defendant created the dangerous condition and therefore the plaintiff does not have to introduce evidence that the defendant had actual or constructive knowledge of the hazard.

The plaintiff was an invitee of the defendant. Alabama Pattern Jury Instruction 31.00. "The duty of the owner or occupant of premises to an invitee is to be reasonably sure that he is not inviting another into danger and to exercise ordinary care to render and keep the premises in a reasonably safe condition. APJI 31.01. This has been limited to "hidden defects which are not known to the invitee and would not ordinarily be discovered by him

in the exercise of ordinary care." *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So.2d 158, 161 (Ala.1997).

"An owner or occupant of premises is under no duty to reconstruct or alter the premises so as to eliminate dangers which were known or obvious to plaintiff, or in the exercise of reasonable care, should have been known or obvious to plaintiff." APJI 31.01A.

"Storekeepers have a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of their customers. The store is not an insurer of the customer's safety but is liable for injury only in the event it negligently fails to use reasonable care in maintaining the premises in a reasonable and safe condition." APJI 31.01B.

The plaintiff's own testimony is that the boxes were not hidden or inconspicuous and that they "were right out in the aisle." She also knew that the store placed displays in the aisle between the registers regularly as she was in the store two times a week. Unlike the majority of slip and fall cases, this case involves a customer familiar with a store that routinely placed displays in the area between two of its cash registers. The facts of this case are similar to those in *Bud's Outlet v. Smith*, 781 So.2d 219 (Ala.2000), where the plaintiff had been to the store before, noticed the wheelchair she tripped over on prior occasions, but did not see it on the occasion in question because she was paying attention to her grandson. *Id.* at 222. The plaintiff there also testified that if she had looked at the wheelchair she would have seen it. *Id.* The plaintiff here testified that she would have seen the peanuts if she had looked down, but didn't because she was looking to see if the heaters were still where she had seen them previously. A landowner is not liable to invitees for harm caused

6

to them by a condition on the land whose danger is known or obvious to them. *Hartzog v. Compass Bank*, 686 So.2d 325, 326-27 (Ala.Civ.App.1996).

The Court in *Bud's Outlet* stated "[w]e conclude, from our review of the record ... the wheelchair's relocation from its 'usual place' at the entrance of the Bud's store, to the exit, does not constitute a hidden 'defect." Furthermore, we conclude that Smith was distracted ... at the time of her fall, and that had she been exercising ordinary care she would have seen the wheelchair and would have avoided the fall." *Bud's Outlet,* 781 So.2d at 223. This court finds the case before it factually indistinguishable from *Bud's Outlet* and therefore finds *Bud's Outlet* to be controlling.

### IV. Conclusion

The court finds that defendant has satisfied its burden of affirmatively demonstrating the absence of a genuine issue of material fact. *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark*, 929 F.2d at 608. The plaintiff has not demonstrated the same.

In consideration of the foregoing, the Court **GRANTS** the defendant's motion for summary judgment. This case is **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

**DONE** and **ORDERED** this the ___3___ day of October, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE